FILED
JN  NOV X 6 2007
NOV 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Applicant, | ) 07CV6266 |
| v. | ) JUDGE ZAGEL ) MAG. JUDGE NOLAN |
| DEVELOPMENT DIMENSIONS INTERNATIONAL, INC. | ) ) |
| Respondent. | ) ) |

**MEMORANDUM IN SUPPORT OF THE COMMISSION'S
APPLICATION FOR AN ORDER TO SHOW CAUSE**

Applicant, U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"), submits this Memorandum in Support of the Commission's Application For An Order To Show Cause Why Its Subpoena Should Not Be Enforced Against Development Dimensions International, Inc. ("DDI "). During the Commission's investigation of a Charge of Discrimination filed against Daimler-Chrysler Corporation, the Commission issued Subpoena Number Ch-07-375 to DDI, which had prepared tests given to applicants for certain jobs at Daimler-Chrysler's Belvedere, Illinois plant. DDI then filed with the Commission a Petition to Revoke or Modify the Subpoena, in response to which the Commission issued a Determination that significantly narrowed the request for documents. DDI, however, has still refused to produce any documents unless EEOC first signs a Confidentiality Agreement. EEOC's existing procedures and its stipulations in this case adequately protect the confidentiality of the requested documents.

**I. STATEMENT OF FACTS**

**A. Charge of Discrimination**

On October 4, 2005, Anthony Musso filed a Charge of Discrimination with the EEOC, No. 210-2005-9574, against Daimler-Chrysler Corporation ("Chrysler"). (Exhibit 1 to "Declaration

1

of John Rowe, submitted herewith.) Mr. Musso alleged that around May 2005 Chrysler's Human Resources Department advised him that he could apply for a salaried position by completing an on-line test that would be sent to him via E-mail. Mr. Musso further alleged that he completed this test, was not hired by Chrysler, and that Chrysler discriminated against him because of his disability in violation of the Americans With Disabilities Act of 1990 ("ADA"). Mr. Musso has polio and uses a wheel chair. For about 17 years he had taught courses on a contract basis to employees at Chrysler's Belvidere, Illinois plant. He was known to certain staff in the Human Resources Department there.

On October 17, 2005, the Commission sent a Notice of Charge to Chrysler. (Exhibit 2 to Rowe Declaration.) During the course of EEOC's Investigation of the Charge, Chrysler advised EEOC that the test Mr. Musso took had been prepared by DDI.

### B. Subpoena to DDI

On June 8, 2007, EEOC issued to DDI Subpoena Number Ch-07-375. (Exhibit 3 to Rowe Declaration.) The subpoena was issued by John P. Rowe, Chicago District Director of the EEOC, and was received by DDI via certified mail on Monday, June 11, 2007. The subpoena requests that DDI produce, at the Chicago EEOC office, the test questions, Charging Party's answers and scores, and information about the tests of persons who were successful test-takers.[1]

DDI served the Commission a Petition to Revoke or Modify the Subpoena on June 22, 2007. In response to DDI's Petition, EEOC issued on August 10, 2007 a Determination (Exhibit 4) that narrowed the scope of the Subpoena to request only the following items:

> 1) Please provide all documents that reflect the following for the on-line test taken by Anthony Musso:

---

[1] More specifically, the Subpoena stated:
1) Please provide all documents that reflect the following for the on-line test taken by Anthony Musso:
    a. questions asked,
    b. Charging Party's answers,
    c. Charging Party's score, and
    d. What DDI considers as a passing score that would qualify the test-taker for continuation in the hiring process.
2) Please provide all documents that reflect the following for all successful test-takers in Daimler Chrysler's hiring process for the position of Manager during the period of January 1, 2005 to May 1, 2007: a. name, b. test answers, and c. test score.

2

a. questions asked,
b. Charging Party's answers,
c. Charging Party's score, and
d. What DDI considers as a passing score that would qualify the test-taker for continuation in the hiring process.

    2) Please provide all documents that contain the following for all successful test-takers in Daimler Chrysler's hiring process for the position of Maintenance Supervisor at the Belvedere Assembly Plant during the period of January 1, 2005 to September 1, 2005: a. name, b. test answers, and c. test score.

In that Determination, EEOC also stipulated that:

    (a) Subpoena CH-07-375 does not seek validity studies in regard to the test;

    (b) EEOC will not disclose the documents subpoenaed, or information contained therein, to the Charging Party or his agents.

On October 1, 2007, Counsel for DDI sent to the EEOC a letter (Exhibit 5 to Rowe Declaration) stating that "if EEOC wishes to review testing materials, we will need to execute a confidentiality agreement to protect the security of the testing material and the information contained therein."

DDI's October 1, 2007 letter enclosed a proposed Confidentiality Agreement. (Exhibit 6 to Rowe Declaration.) That Agreement provides that DDI would produce only those documents that are "non privileged," and then only those that are "properly responsive to the subpoena as modified by the Determination." (Page 1, third paragraph.) DDI does not explain what types of documents it considers "privileged" and thus will not produce. Nor does it explain which documents it considers to be not "<u>properly</u> responsive" and thus will not produce. DDI's Confidentiality Agreement also requires that EEOC agree (before DDI produces any documents) to return the documents within 10 days of receipt thereof. (Paragraph B, page 2.)[2]

---

2  Ten days to return the documents is impossible given the size of EEOC investigators' case loads. The EEOC investigator assigned to this case has 138 pending cases. Investigators in her unit average 155 pending cases. *See* Declaration of John Rowe. There is also no need for a ten day time limit.

3

## II. ARGUMENT

### A. The Court Has Jurisdiction To Enforce The Subpoena As Modified

Section 107 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117, incorporates the "powers, remedies and procedures" of sections 705, 706, 707, 709 and 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"). Section 710 of Title VII, 42 U.S.C. Section 2000e-9, incorporates Section 11 of the National Labor Relations Act ("NLRA"), 29 U.S.C. Section 161. In turn, Section 11(2) of the NLRA, 29 U.S.C. Section 161(2), provides:

> In case of contumacy or refusal to obey a subpoena issued to any person, any District Court of the United States...upon application by the Board, shall have jurisdiction to issue to such person an order requiring such person to appear before the Board...there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question. [3]

### B. The Commission's Subpoena Power is Broad

The Commission's subpoena power is broad, entitling it "access to virtually any material that might cast light on the allegations against [an] employer." EEOC v. Shell Oil Co., 466 U.S. 54, 68-69, 104 S.Ct. 1621, 1631 (1984). Under Title VII, the EEOC has the right to examine and copy "any evidence ... relevant to the charge under investigation." EEOC v. Quad/Graphics, Inc., 63 F.3d 642 (7th Cir 1995) (quoting 42 U.S.C. § 2000e-8(a)). Subpoenaed material is relevant if it "'touches on a matter under investigation.'" EEOC v. Deb Shops, Inc., 1995 WL 579541 (N.D. Ill.) (quoting EEOC v. A.E. Staley Mfg. Co., 711 F.2d 780, 783 (7th Cir. 1983)).

### C. The Information Sought By The Commission's Modified Subpoena Is Relevant To The Charge Of Discrimination

The EEOC's administrative investigation in this case seeks to determine if Chrysler refused to consider Mr. Musso for a Maintenance Supervisor position because of his disability. EEOC seeks Mr. Musso's completed test and score, and the completed tests and scores of other persons who applied for the Maintenance Supervisor job at Chrysler's Belvidere, Illinois plant

---

[3] Section 709e of Title VII, 42 U.S.C. §2000e-9, "was intended by the authors to encompass the same powers granted to the Board." Graniteville Co. (Sibley Div.) v. EEOC, 438 F.2d 32, 40 (4th Cir. 1971).

and successfully completed the test.

Where, as here, the Commission has lawfully issued a subpoena which seeks evidence reasonably related to the investigation of a charge of discrimination and which is not too indefinite to inform Respondent of what information is requested, its subpoena must be enforced. U.S. v. Morton Salt Co., 338 U.S. 632 (1950); Motorola, Inc. v. McLain, 484 F.2d 1339 (7th Cir. 1973); EEOC v. Tempel Steel Co., 814 F.2d 482 at 486 (7th Cir. 1987).

This Court's review of the Subpoena should begin with the standard enunciated in NLRB v. Rohlen, 385 F.2d 52, 55-56 (7th Cir. 1967):

> The essential requirement for both the issuance and enforcement of a Board subpoena is that the production of the evidence or the giving of the testimony called for by the subpoena must relate to a "matter under investigation or in question"...

**D.   EEOC may Subpoena Information from Third Parties**

EEOC may subpoena information from third parties other than the employer named in the Charge of Discrimination. See EEOC v. Ill. Dep't of Employment Sec., 995 F.2d 106, 107 (7th Cir. 1993).

**E.   The Commission Is Entitled To Summary Enforcement of Its Subpoena**

Subpoena enforcement proceedings are summary in nature. EEOC v. Tempel Steel Co., 814 F.2d 482 at 485 (7th Cir. 1987). In such proceedings courts are not called upon to decide the issues which are before the administrative agency for determination. EEOC need not demonstrate that there is probable cause to believe that discrimination occurred in order to have the subpoena enforced. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 211-214 (1946). "Indeed, the whole purpose of this EEOC investigation is to determine whether probable cause exists." EEOC v. Bay Shipbuilding Corp., 668 F.2d 304, at 312 (7th Cir. 1981).

**F.   EEOC Will Protect the Confidentiality of the Documents**

DDI asserts that its test is a commercially-valuable trade secret, and that it should not have to produce the requested documents unless EEOC signs a Confidentiality Agreement. But there is no need for this court to require EEOC to sign such an agreement because EEOC's

existing procedures and commitments in this case show that it will protect the confidentiality of the documents. More specifically:

1) Title VII of the Civil Rights Act of 1964 imposes criminal penalties upon EEOC personnel who disclose to the public information obtained in the course of investigating charges of employment discrimination. Section 709(e) of Title VII, 42 U.S.C. § 2000e-8(e). (See discussion below.)

2) The EEOC has already stipulated in its Determination on DDI's Petition to Revoke or Modify Subpoena Number Ch 07-375 that it will not disclose the documents or information in them to the Charging Party or his agents.

3) The EEOC's own regulations require it to protect the confidentiality of commercial information provided to it. (See discussion below.)

4) In response to DDI's objections to the scope of the Subpoena, EEOC has narrowed the subpoena, thus minimizing the number of confidential documents that must to be produced.

5) Should EEOC find reasonable cause to believe that discrimination has occurred on the underlying charge, and should conciliation fail to resolve the matter, and should EEOC decide to file suit, DDI may file a motion for a protective order in that subsequent proceeding.

6) EEOC agrees that if it determines not to pursue a lawsuit based on Charge of Discrimination No. 210-2005-9574, it shall return to DDI the subpoenaed documents, and destroy all copies of them and notes thereon within 30 days after issuing the last Right to Sue Letter on that Charge of Discrimination.

7) EEOC further agrees that if it prosecutes an action against Daimler Chrysler, Inc., or its successor, as a result of its investigation of the Charge No 210-2005-9574 ("Subsequent Action"), it shall return to DDI the subpoenaed documents and destroy all copies of them and notes thereon within 30 days after the final conclusion of such Subsequent Action by court order or voluntary settlement. The "final conclusion" occurs when all times for all parties to seek judicial review by appeal, petition for rehearing, petition for certiorari, or otherwise have run.

**1) EEOC Staff are Subject to Criminal Penalties for Disclosing Certain Information**

Title VII of the Civil Rights Act of 1964 imposes criminal penalties upon EEOC personnel who publicize information obtained in the course of investigating charges of employment discrimination. § 709(e) of Title VII, 42 U.S.C. § 2000e-8(e). That section provides

that any officer or employee of the Commission who makes public in any manner such information prior to the filing of an enforcement lawsuit shall be guilty of a crime and, upon conviction, subject to a fine of not more than $1,000.00, or imprisoned not more than one year. See also 29 C.F.R. § 1601.22. Because of these severe criminal penalties, DDI needs no further assurance that the material it produces to the EEOC will be kept confidential.[4]

In EEOC v. University of Pennsylvania, 493 U.S. 182 (1990), the Supreme Court rejected the type of confidentiality argument DDI asserts here. In that case the University had argued that the Court could require a showing of more than relevance before it was required to produce confidential peer review materials used in tenure decisions. In rejecting that argument, the Court noted that Congress had already addressed "situations in which an employer may have an interest in the confidentiality of its records." 493 U.S. at 192. Accord, EEOC v. Bay Shipbuilding Corp., 668 F.2d 304, 312 (7th Cir. 1981) (confidentiality is no excuse for noncompliance with an EEOC subpoena, citing 42 U.S.C. §§ 2000e-5(b), 2000e-8(e)). See also EEOC v. Illinois Department of Employment Security, 995 F.2d 106 (7th Cir. 1995) (state statute making unemployment compensation proceedings confidential did not preclude enforcement of EEOC's subpoena seeking copy of transcript of state unemployment proceeding).

In EEOC v. City of Milwaukee, 54 F. Supp. 2d 885 (E.D. WI 1999), EEOC obtained enforcement of subpoenas requesting test scores. The City asked for a protective order to prevent the charging parties from seeing the requested documents, just as DDI does here. Id. at 891. The court declined to enter such an order, explaining that Congress provided adequate protection in section 709 of Title VII. Id. at 893. See also EEOC v. County of Hennepin, 623 F. Supp. 29, 33 (D. Minn. 1985) (holding that a respondent must produce confidential personnel files and was not entitled to a protective order prohibiting public disclosure.)

2. **EEOC has Agreed not to Disclose the Documents or Information Therein to the Charging Party or his Agents**

Under the unique circumstances of this case, the EEOC in its Determination on DDI's

---

[4] Fed. R. Civ. P. 45 (c)(3)(B)(ii) provides that federal courts may require protective orders when enforcing subpoenas in court proceedings calling for disclosure of "a trade secret or other confidential research, development, or commercial information"). By comparison, Title VII does not authorize such a protective order.

Petition to Revoke or Modify the Subpoena has agreed not to disclose the subpoenaed documents to the Charging Party or his agents. DDI needs no further assurance in this regard.[5]

### 3. EEOC's Regulations Protect the Confidentiality of the Subpoenaed Documents

The Commission's regulation in regard to availability of its records, 29 C.F.R § 1610.19, provides that "Commercial information provided to the Commission shall not be disclosed except in accordance with this section." The section provides that when the EEOC receives a request for information, such as under the Freedom of Information Act, which the supplier of the information has certified is commercial, EEOC shall notify the supplier of the information of that request and give it an opportunity to comment. (Subsections (a) and (b).) More specifically, the submitter shall be given five working days to object to disclosure, and the Commission "shall consider carefully the objections." If the Commission decides to disclose the information, it shall so advise the submitter in writing three days prior to the specified disclosure date to allow the submitter to seek an injunction to prevent disclosure. (Subsections (d) and (e).) Moreover, if the requester sues to compel disclosure of such records, the Commission "shall promptly notify the submitter" of the suit. (Subsection (f).)

EEOC accepts for purposes of this regulation DDI's certification that the requested documents contain "commercial information." As a result, the confidentiality of the records that have been requested by Subpoena Ch-07-375, as modified, will be protected by this regulation as well.

---

[5] It should also be noted that Section 709(e) of Title VII, which prohibits the EEOC from publicizing information obtained in an investigation, does not prohibit disclosure to a party. *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 598, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981). As a result, some courts have refused to enter protective orders that would bar EEOC's disclosure of such information to a party. For instance, in EEOC v. Morgan Stanley, 132 F. Supp. 2d 146 (S.D.N.Y. 2000), the Court refused to enter a protective order. In that race and sex discrimination case, EEOC's subpoena sought various personnel records. Morgan opposed the subpoena arguing that §709(e) of Title VII did not adequately protect its privacy concerns. The court did not agree with Morgan, and noted that §709 permitted the EEOC to disseminate the information to the charging party and her attorney. Id. at 155.

## CONCLUSION

For the above reasons, the Commission respectfully requests that this Court order DDI to show cause why it should not comply with the duly issued subpoena, and that upon return, this Court order it to comply with Subpoena Number Ch-07-375 as Modified by EEOC's Determination on DDI's Petition to Revoke or Modify that Subpoena, and pursuant to EEOC's stipulations herein.

Respectfully submitted,

JOHN C. HENDRICKSON
Regional Attorney

*Gordon Waldron*
GORDON WALDRON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 W. Madison St., Suite 2800
Chicago, Illinois 60661
(312) 353-7525

**Attachment**

Declaration of John Rowe, with the attached Exhibits:

1. Charge of Discrimination
2. Notice of Charge of Discrimination
3. Subpoena Number CH-07-375 to DDI
4. EEOC Determination on DDI Petition to Revoke or Modify Subpoena
5. DDI letter to EEOC, October 1, 2007
6. DDI Proposed Confidentiality Agreement, October 1, 2007